RE: INTERPRETATION OF 15 O.S. 178
I AM IN RECEIPT OF YOUR LETTER WHEREIN YOU ASK FOR INFORMAL ADVICE ADDRESSING THE FOLLOWING QUESTIONS:
 1. IS 15 O.S. 178 (1990) APPLICABLE TO THE TEACHERS' RETIREMENT SYSTEM?
 2. IF THE ANSWER IS NEGATIVE, ARE THERE OTHER SIMILAR STATUTES THAT WOULD CAUSE TEACHERS' RETIREMENT TO DISREGARD AN OTHERWISE APPROPRIATELY COMPLETED AND FILED BENEFICIARY DESIGNATION?
 3. IF THE ANSWER TO THE FIRST QUESTION IS AFFIRMATIVE, DOES THIS STATUTE APPLY ONLY TO THE BENEFICIARY DESIGNATIONS COMPLETED BY MEMBERS OF THE TEACHERS' RETIREMENT SYSTEM?
 4. IF THE ANSWER TO THE PRECEDING QUESTION IS NEGATIVE, HOW WILL THIS STATUTE ALTER THE PROVISIONS OF JOINT SURVIVOR RETIREMENT OPTIONS WHICH PROVIDE A CONTINUING MONTHLY INCOME TO THE SURVIVING SPOUSE OF DECEASED MEMBERS OF TEACHERS' RETIREMENT?
 5. ASSUMING THE ANSWER TO ANY OF THE ABOVE IS AFFIRMATIVE, UNDER WHAT CIRCUMSTANCES WOULD A FORMER SPOUSE HAVE INTEREST AS JOINT TENANT IN THE RETIREMENT ACCOUNT OF A DECEASED MEMBER PURSUANT TO 15 O.S. 178(C)(1).
 6. SINCE PARAGRAPH D OF SECTION 178 PROVIDES THAT CONTRACTS ENTERED INTO PRIOR TO NOVEMBER 1, 1987, ARE NOT AFFECTED BY THIS STATUTE, IS IT CORRECT TO ASSUME THAT ANY BENEFICIARY FORM OR RETIREMENT CONTRACT COMPLETED PRIOR TO THIS DATE, THAT HAS NOT BEEN AMENDED BY A NEW BENEFICIARY DESIGNATION ON OR AFTER NOVEMBER 1, 1987, WILL CONTINUE TO BE VALID AS ORIGINALLY COMPLETED?
NATURALLY TO ADDRESS THESE QUESTIONS 178 MUST BE REVIEWED. TO FACILITATE THE REVIEW OF THIS PROVISION I AM SETTING FORTH THE STATUTE IN ITS ENTIRETY.
TITLE 15 O.S. 178 PROVIDES:
 "A. IF, AFTER ENTERING INTO A WRITTEN CONTRACT IN WHICH PROVISION IS MADE FOR THE PAYMENT OF ANY DEATH BENEFIT (INCLUDING LIFE INSURANCE CONTRACTS, ANNUITIES, RETIREMENT ARRANGEMENTS, COMPENSATION AGREEMENTS AND OTHER CONTRACTS DESIGNATING A BENEFICIARY OF ANY RIGHT, PROPERTY OR MONEY IN THE FORM OF A DEATH BENEFIT), DIES AFTER BEING DIVORCED FROM THE BENEFICIARY NAMED TO RECEIVE SUCH DEATH BENEFIT IN THE CONTRACT, ALL PROVISIONS IN SUCH CONTRACT IN FAVOR OF THE DECEDENT'S FORMER SPOUSE ARE THEREBY REVOKED. ANNULMENT OF THE MARRIAGE SHALL HAVE THE SAME EFFECT AS A DIVORCE. IN THE EVENT OF EITHER DIVORCE OR ANNULMENT, THE DECEDENT'S FORMER SPOUSE SHALL BE TREATED FOR ALL PURPOSES UNDER THE CONTRACT AS HAVING PREDECEASED THE DECEDENT.
B. SUBSECTION A OF THIS SECTION SHALL NOT APPLY:
1. IF THE DECREE OF DIVORCE OR ANNULMENT IS VACATED;
 2. IF THE DECEDENT HAD REMARRIED SAID FORMER SPOUSE AND WAS MARRIED TO SAID SPOUSE AT THE TIME OF THE DECEDENT'S DEATH;
 3. IF THE DECREE OF DIVORCE OR ANNULMENT CONTAINS A PROVISION EXPRESSING AN INTENTION CONTRARY TO SUBSECTION A OF THIS SECTION;
 4. IF THE DECEDENT MAKES THE CONTRACT SUBSEQUENT TO THE DIVORCE OR ANNULMENT;
 5. TO THE EXTENT, IF ANY, THE CONTRACT CONTAINS A PROVISION EXPRESSING AN INTENTION CONTRARY TO SUBSECTION A OF THIS SECTION; OR
 6. IF THE DECEDENT RENAMES SAID FORMER SPOUSE AS THE BENEFICIARY, IN A WRITING, DELIVERED TO THE PAYOR OF THE BENEFIT, PRIOR TO THE DEATH OF THE DECEDENT AND SUBSEQUENT TO THE DIVORCE OR ANNULMENT.
 C. FOR PURPOSES OF SUBSECTION A OF THIS SECTION, "DEATH BENEFIT" SHALL NOT INCLUDE:
 1. ANY INTEREST IN PROPERTY IN WHICH THE DECEDENT'S FORMER SPOUSE HAS AN INTEREST AS A JOINT TENANT; OR
 2. ANY INTEREST IN PROPERTY IN WHICH THE DECEDENT'S FORMER SPOUSE HAS A BENEFICIAL INTEREST IN AN EXPRESS TRUST CREATED BY THE DECEDENT DURING THE DESCENDENT'S LIFETIME FOR WHICH PROVISION IS MADE IN 60 O.S. 175 OF THE OKLAHOMA STATUTES.
 D. THIS SECTION SHALL APPLY TO ANY CONTRACT OF A DECEDENT MADE AND ENTERED INTO ON OR AFTER NOVEMBER 1, 1987."
ADDRESSING YOUR FIRST QUESTION, CLEARLY THIS PROVISION IS APPLICABLE TO OTRS. THE STATUTE CLEARLY PROVIDES THAT IT INCLUDES WRITTEN CONTRACTS CONCERNING RETIREMENT ARRANGEMENTS. THE AFFIRMATIVE ANSWER TO YOUR FIRST QUESTION RENDERS YOUR SECOND QUESTION MOOT.
TURNING TO YOUR THIRD AND FOURTH QUESTIONS, CLEARLY THE PROVISION APPLIES TO ANY WRITTEN CONTRACT WHEREBY UPON THE DEATH OF THE MAKER THEREOF, THE SPOUSE OF SAID MEMBER WILL RECEIVE A BENEFIT. THIS ENCOMPASSES AND INCLUDES THE RETIREMENT OPTIONS WHEREBY A MEMBER MAY RECEIVE A REDUCED BENEFIT AND AT HIS/HER DEATH THE SURVIVING SPOUSE BEGINS RECEIVING A BENEFIT. AS STATED IN 15 O.S. 178(B)(3) THE DIVORCE OR ANNULMENT DECREE CAN CONTAIN A PROVISION EXPRESSING A CONTRARY INTENTION, AND IF SUCH IS THE CASE THE PROVISIONS OF 15 O.S. 178(A) WILL NOT OPERATE TO REVOKE THE CONTRACT WHICH BENEFITS A FORMER SPOUSE. ANY AGREEMENT WHICH PROVIDES A SINGLE LUMP SUM PAYMENT UPON THE DEATH OF THE MEMBER IS ALSO GOVERNED BY 178. A FORMER SPOUSE OF A DECEASED MEMBER IS NEVER POSSESSED OF A JOINT TENANCY IN A MEMBER'S OTRS ACCOUNT.
A JOINT TENANCY IS CREATED ONLY WHEN UNITIES OF TIME, TITLE, INTEREST, AND POSSESSION ARE PRESENT; UNITY OF TIME REQUIRES INTERESTS OF JOINT TENANTS TO VEST AT THE SAME TIME; UNITY OF TITLE REQUIRES PARTIES TO TAKE THEIR INTERESTS BY THE SAME INSTRUMENT; UNITY OF INTEREST REQUIRES ESTATES OF THE SAME TYPE AND DURATION; AND UNITY OF POSSESSION REQUIRES JOINT TENANTS TO HAVE UNDIVIDED INTERESTS IN THE WHOLE, NOT UNDIVIDED INTERESTS IN SEVERAL PARTS. AMERICAN NATIONAL BANK AND TRUST COMPANY OF SHAWNEE V. MCGINNIS. ET AL., 511 P.2D 1198, 1199 (OKLA. 1977).
INASMUCH AS THE NON-MEMBER SPOUSE DOES NOT HAVE UNITY OF TITLE, INTEREST OR POSSESSION, ALTHOUGH HE/SHE MAY HAVE UNITY OF INTEREST A JOINT TENANCY IS NOT PRESENT IN THE MEMBER'S RETIREMENT BENEFITS OR ACCOUNT. ALTHOUGH A MEMBER'S ACCOUNT MAY BE DIVISIBLE AS JOINTLY ACQUIRED PROPERTY. SEE RICE V. RICE, 762 P.2D 925, (OKLA. 1988).
FINALLY, AS INDICATED IN YOUR SIXTH QUESTION, 15 O.S. 178 (1990) IS ONLY APPLICABLE TO CONTRACTS MADE AFTER NOVEMBER 1, 1987. ANY CONTRACT EXISTING BEFORE NOVEMBER 1, 1987, WHICH HAS NOT BEEN ALTERED OR AMENDED CONCERNING ANY DEATH BENEFIT TO THE SPOUSE, OR EXSPOUSE AS THE CASE MAY BE, WILL NOT BE EFFECTED BY 178. YOU MAY CONSIDER PROVIDING INFORMATION ABOUT THE EFFECTS OF 178 IN YOUR NEXT 'TRENDS' PUBLICATION.
(TAMMY M. THOMPSON)